UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LEE,<br><br>                              Plaintiff,<br><br>           v.<br><br>KILOLO KIJAKAZI,<br><br>Acting Commissioner of Social Security,<br><br>                             Defendant. | Case No. 2:20-cv-9929-MAR<br><br>MEMORANDUM AND ORDER DISMISSING CASE |

## I.

## **INTRODUCTION**

On October 28, 2020, Louis Lee ("Plaintiff"), by and through counsel, filed a complaint pursuant to 42 U.S.C. § 405 seeking review of a decision by the Commissioner of Social Security to deny benefits. ECF Docket No. ("Dkt.") 1. On May 20, 2021, Plaintiff's counsel filed a Motion to Withdraw as Attorney. Dkt. 24. The Court granted the Motion on June 25, 2021. Dkt. 26. Plaintiff has not been able to secure new representation. Over the past year, Plaintiff's father has been attempting to file various items on Plaintiff's behalf. Dkts. 28, 30, 33, 36, 39, 41, 43, 46. However, Plaintiff's father may not proceed pro se on his son's behalf.

1  Therefore, for the reasons below, the Court **DISMISSES** this action, without
2  prejudice.

## II.

## BACKGROUND

On October 28, 2020, Louis Lee ("Plaintiff"), by and through counsel, filed a complaint pursuant to 42 U.S.C. § 405 seeking review of a decision by the Commissioner of Social Security to deny benefits. ECF Docket No. ("Dkt.") 1. On May 20, 2021, Plaintiff's counsel filed a Motion to Withdraw as Attorney. Dkt. 24. The Court granted the Motion on June 25, 2021. Dkt. 26.

On July 26, 2021, Louis Lee II, Plaintiff's father, filed a letter on Plaintiff's behalf stating that Plaintiff has new representation. Dkt. 28. The Court rejected the filing, citing Local Rule 83-2.5, "No letters to the judge," and Local Rule 83-2.3.3, which governs the withdrawal of counsel for individuals. Id. Local Rule 83-2.3.3 reads "[w]hen an attorney of record for any reason ceases to act for a party, such party must appear pro se or appoint another attorney by a written substitution of attorney signed by the party and the attorneys." L.R. 83-2.3.3. On August 27, 2021, this Court issued an Order instructing Plaintiff to file a notice that he intends to appear pro se or file a written submission of attorney. Dkt. 29. On September 17, 2021, Plaintiff's father filed a letter on Plaintiff's behalf indicating Plaintiff would like to proceed pro se, but may be incapable of corresponding with the Court on his own. Dkt. 30.

On September 22, 2021, the Court issued an Order Re: Pro Se Appearance instructing either:

(1) Plaintiff's father or another qualified representative to file a Petition for the
    Appointment of a Guardian Ad Litem as described by Local Rule 17-1.1; or

(2) Plaintiff to file a signed notice that he intends to appear pro se.

Dkt. 31. The Order warned that failure to respond "**may result in the dismissal of the action**." Id. (emphasis in original). The Court also reminded Plaintiff's father that assistance is available from the Court's pro se law clinic. Id.

1       Neither Plaintiff nor his father filed a timely response, so on October 25, 2021,
2 the Court ordered Plaintiff to show cause why the action should not be dismissed for
3 failure to prosecute.  Dkt. 32.  On November 9, 2021, Plaintiff's father filed another
4 Request for Extension of Time on Plaintiff's behalf, explaining that Plaintiff has
5 found new counsel.  Dkt. 33 at 1.  The Court issued a Notice of Discrepancies and
6 Order ("NOD") explaining that no letters are to be sent to the Judge and that Plaintiff
7 may not delegate representation to any other individual.  Dkt. 34; L.R. 83-2.5, 83-
8 2.2.1.  Still, the Court granted the extension, warning Plaintiff's father that "**[a]ny**
9 **future filing submitted on Plaintiff's behalf by someone who is not Plaintiff or**
10 **Plaintiff's counsel will be rejected and will not be considered by the Court**" and
11 "[f]ailure to comply <u>will</u> result in the dismissal of this action for failure to prosecute
12 and follow Court orders."  Dkt. 35 (emphasis in original).
13       On December 27, 2021, Plaintiff filed a Response to Order to Show Cause and
14 Notice of Intent to Proceed Pro Se.  Dkt. 36.  Plaintiff wrote: "I, Louis Lee III, with
15 the help of my father Louis Lee II, is asking the court to permit me to plea my case
16 'Pro Se' " and "I am asking the court to grant me Pro Se and with a motion to have
17 my father as my counsel, adviser, mentor, and with his loving and caring support."
18 <u>Id.</u> at 1, 3.  The Court construed Plaintiff's Motion as notice of his intent to proceed
19 <u>pro se</u> and ordered Plaintiff to file his Motion for Summary Judgment within thirty
20 (30) days.  Dkt. 37.
21       The Court noted, however, that while Plaintiff appeared to have signed the
22 Motion himself, it also appeared that Plaintiff's father helped prepare it, and that
23 Plaintiff's father intended to prepare Plaintiff's future motions for him.  <u>Id.</u>  The
24 Court admonished Plaintiff again that non-attorneys, including Plaintiff's father,
25 cannot file on Plaintiff's behalf without first applying to be appointed as Plaintiff's
26 Guardian <u>ad litem</u>.  <u>Id.</u>  The Court warned that "any further filings indicating that they
27 were prepared 'with the help of' anyone who has not been appointed guardian <u>ad</u>
28 <u>litem</u> **will** result in the dismissal of the case for repeated failure to follow Court

1  orders." Id. (citing Fed. R. Civ. P. 41(b)) (emphasis in original).  The Court directed
2  Plaintiff's father to Federal Rule of Procedure 17(c)(2) and Local Rule 17-1.1 for
3  guidance on applying to be appointed guardian ad litem and again reminded Plaintiff's
4  father that assistance from the Court's pro se clinic is available by appointment.  Id.
5       On February 9, 2022, Plaintiff filed a Petition for the appointment of his father,
6  Louis Lee II, as Guardian Ad Litem.  Dkt. 39.  The Court granted the Petition, but
7  explained that the Ninth Circuit has held that non-lawyers, even if appointed guardian
8  ad litem, cannot represent their child without retaining a lawyer.  Dkt. 42.  The Court
9  noted the action appeared subject to dismissal.  Id.  Still, because both parties had
10 already spent considerable time and resources litigating this case and because Plaintiff
11 had counsel when the action was initiated, the Court gave Plaintiff's father one final
12 opportunity to retain counsel before dismissing the case, now that he had been
13 appointed as guardian ad litem.  Id.  The Court ordered Plaintiff's father to file a
14 written substitution of attorney signed by both him and the new attorney(s) within
15 forty-five (45) days.  The Court again warned that "[f]ailure to file a written
16 substitution will result in the action being dismissed, without prejudice."  Id.
17      On April 6, 2022, Plaintiff's father filed a Request for an Extension of Time.
18 Dkt. 43.  The Court granted the extension but warned Plaintiff's father that no further
19 extensions would be contemplated, given that the matter had been at a standstill for
20 nearly ten (10) months.  Dkt. 44.  On June 2, 2022, Plaintiff's father filed a letter
21 indicating that, despite the diligent efforts of him and his son, they were unable to
22 secure representation, and that "the fate of this case rest[s] in [the Court's] hands."
23 Id.

## III.
## DISCUSSION

### A.  APPLICABLE LAW

27      District courts have sua sponte authority to dismiss actions for failure to
28 prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash

4

R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"[The Ninth Circuit] 'may affirm dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal.'" Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

**B. ANALYSIS**

**1. The public's interest in expeditious resolution of litigation**

The public's interest in expeditious resolution of litigation generally weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, above) (internal quotation omitted)). Here, though Plaintiff's father has been in consistent contact with the Court, the case has been at a standstill for nearly a year, since Plaintiff's counsel withdrew. Dkts. 24, 26. Accordingly, this factor clearly weighs in favor of dismissal.

**2. The Court's need to manage its docket**

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at 1261. As such, the second factor looks to whether a particular case has "consumed . . . time that could have been devoted to other cases on the [Court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

As discussed above, the Court has issued several orders over the past year explaining that Plaintiff must either proceed pro se on his own behalf or secure representation. Dkts. 29, 31, 32, 35, 37, 42, 44. Nearly all of these orders warned Plaintiff and his father that the action would be dismissed if they failed to comply. See Dkts. 31, 35, 37, 42, 44. Plaintiff's failure or inability to follow Court Orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff cannot litigate this action diligently. Consequently, the Court's need to manage its docket favors dismissal here.

**3. The risk of prejudice to Defendant**

The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

Nothing suggests such a presumption is unwarranted in this case. Given the delay of nearly one (1) year, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable. Thus, prejudice is presumed and weighs in favor of dismissal. See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

6

### 4. Public policy favoring disposition on the merits

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228. Here, as it usually does, the fourth factor weighs against dismissal.

### 5. Availability of less drastic alternatives

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. See Malone, 833 F.2d at 132 n.1. Further, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citations omitted).

Here, the Court cannot move the case toward disposition with Plaintiff's father attempting to represent Plaintiff pro se. The Ninth Circuit has held that a guardian ad litem cannot represent their child without retaining a lawyer. Johns v. Cty. of San Diego, 114 F.3d 874, 876–78 (9th Cir. 1997). In Johns, the Ninth Circuit explained that, because minors and incompetent individuals[1] cannot determine their own legal actions, they do not, in reality, have an individual choice to proceed pro se via their guardian ad litem. Id. Furthermore, allowing guardians ad litem to proceed pro se on behalf of another would violate the general principal that a non-lawyer has no authority to appear as an attorney for others than himself. Id. (citing C.E. Pope

---

[1] While the Ninth Circuit specifically held in Johns that a guardian ad litem cannot represent their minor child without a lawyer, Fed. R. Civ. P. 17 does not differentiate between minor children and incompetent individuals. Fed. R. Civ. P. 17. Furthermore, the Ninth Circuit explicitly adopted the reasoning of the Third Circuit in Osei–Afriyie v. Medical College, which held that "it is not in the interest of minors or incompetents that they be represented by non-attorneys." 937 F.2d 876, 882–83 (3d Cir.1991) (emphasis added).

7

Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987)). The Ninth Circuit affirmed the district court's dismissal of the complaint under Rule 41(b) but held that the district court should have dismissed the complaint without prejudice to give the guardian ad litem a chance to retain counsel or give the minor an opportunity to pursue his cause of action when he turns eighteen. Johns, 114 F.3d at 876–78; see also Garcia v. Colvin, No. 1:13-CV-00477-SMS, 2013 WL 1500232, at *2 (E.D. Cal. Apr. 10, 2013) ("Plaintiff cannot proceed pro se in this appeal of the Commissioner's denial of SSI benefits to [her daughter], but must retain an attorney to represent her daughter.").

The Court is sympathetic to the dilemma faced by Plaintiff and his father. Neither option presented by the Ninth Circuit appears available to Plaintiff at this time—Plaintiff's father has indicated that Plaintiff is incapable of representing himself in this action, and that they have not been able to secure representation despite a diligent search. See Dkts. 27, 30, 33, 36, 39, 43, 46. Accordingly, Plaintiff's father proceeding pro se on Plaintiff's behalf as guardian ad litem appears to be their only option to prosecute the case. However, the Ninth Circuit was clear that this is not an option, and that the district court was correct to dismiss the complaint in such a scenario.

Still, the Court has been reluctant to dismiss the complaint solely because Plaintiff is unable to represent himself and Plaintiff's father has not been able to secure counsel. Accordingly, the Court has allowed Plaintiff and his father nearly one (1) year to secure new representation and has repeatedly cited various pro se resources, including this Court's pro se clinic. At this point, there appears to be no less drastic alternatives than dismissal. Indeed, there appears to be no alternatives at all.

**6.    Summary**

As discussed above, four (4) of the Rule 41(b) factors weigh in favor of dismissal. Finally, while dismissal should not be entered unless Plaintiff has been

1 | notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897
2 | F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential
3 | dismissal in five (5) separate orders.  See Dkts. 31, 35, 37, 42, 44.
4 |     Accordingly, this action is subject to dismissal.

## IV.
## ORDER

**IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED** without prejudice.

Dated:  June 28, 2022

_____
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge